UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ALEXIS ACOSTA GUZMAN,

Petitioner,

v.

MATTHEW PUTRA,

Respondent.

_________________________________/

Case No. 1:26-cv-2884

Honorable Paul L. Maloney

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to release Petitioner. (Pet., ECF No. 1, PageID.4–5.)

In an order entered on October 14, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondent filed a notice that 8 U.S.C. § 1231 governed Petitioner's detention, (ECF No. 6), and filed their response on October 28, 2026. (ECF No. 8.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Cuba. (Notice to Appear (NTA), ECF No. 8-2, PageID.40.) On November 2, 2008, Petitioner applied for admission into the United States. (*Id.*) Petitioner was released on his own recognizance and issued a Notice to Appear. (*Id.*) Petitioner became a lawful permanent resident in 2010. (Resp., ECF No. 8, PageID.23.)

"On April 3, 2023, [Petitioner] was charged as removable pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, as an alien convicted of an aggravated felony." (Scanlan Decl. ¶ 9, ECF No. 8-1, PageID.35.) Petitioner was then ordered removed to Cuba on May 22, 2023, (Order Immigration Judge, ECF No. 8-4, PageID.50), and released under an Order of Supervision on July 10, 2023. (Order of Supervision, ECF No. 8-5, PageID.53.) On May 19, 2026, ICE agents arrested Petitioner, (2026 Form I-213, ECF No. 8-6, PageID.60), and Petitioner was subsequently provided with a Notice of Revocation of Release and an informal interview on June 3, 2026. (Notice, ECF No. 8-7, PageID.64–66.)

On July 22, 2026, Petitioner was scheduled for removal to Mexico. (Scanlan Decl. ¶ 17, ECF No. 8-1, PageID.36.) "[Petitioner] refused to depart from his pod and refused to cooperate with removal." (*Id.*) Respondent has provided Petitioner with a failure to comply notice, a continued detention letter, and a warning for failure to depart. (*Id.* ¶¶ 18, 20, 21, PageID.37–38.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Merits Discussion**

The parties agree that Petitioner is subject to a final order of removal. (Pet., ECF No. 1, PageID.2; Resp., ECF No. 8, PageID.25.) Therefore, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful because his Order of Supervision was revoked without notice or interview and because there is no assurance that he will be removed in the foreseeable future. (Pet., ECF No. 1, PageID.2–4.) In response, Respondent argues that Petitioner's detention does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001) because Petitioner "has not met his burden of showing that there is no significant likelihood of his removal in the foreseeable future," and additionally, Petitioner was provided with the procedural protections governing orders of supervision. (Resp., ECF No. 8, PageID.27, 29.)

As an initial matter, based on the record before this Court, Petitioner's argument regarding the revocation of his prior Order of Supervision does not provide a basis for relief. (*See* Notice, ECF No. 8-7, PageID.64–66); *see also* 8 C.F.R. § 241.4(l)(1); 8 C.F.R. § 241.13(i).

Further, as to Petitioner's detention under § 1231, § 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of deportation became final on August 21, 2012. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[1] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Here, Petitioner's order of removal became final in 2023, and the 90-day removal period following the order expired well before Petitioner filed the present action. *See* 8 U.S.C. § 1231(a)(1)(B). Petitioner has currently been detained for approximately five months, and his detention therefore falls within the six-month presumptively reasonable period of detention following a final order of removal as established by *Zadvydas*, 533 U.S. at 701. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This

[1] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

In this case, Petitioner contends only that he has "not been informed" that he will be deported or accepted into his country of origin or Mexico. (Pet., ECF No. 1, PageID.4.) However, Petitioner provides the Court for no facts that would suggest that that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Petitioner's assertion, without more, is insufficient to meet Petitioner's burden to "prove" that Petitioner's deportation is not reasonably foreseeable. Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 6, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge